IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JAMES LOUIS WELSH,<br><br>Plaintiff,<br>vs.<br><br>JOSEPH ANDREWS, THOMAS DELANOIT, and IOWA DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | No. C13-3053-MWB<br><br>MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

_____

## *I.    INTRODUCTION AND BACKGROUND*

On September 27, 2013, plaintiff James Louis Welsh filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1] In his complaint, Welsh, a former inmate at Fort Dodge Correctional Facility, Fort Dodge, Iowa ("FDCF"), claims that defendants Joseph Andrews and Thomas Delanoit, who are both correctional officers at FDCF, violated his constitutional rights. Specifically, Welsh alleges that his constitutional rights were violated when FDCF staff (1) made repeated harassing and threatening remarks to him about his religion, Islam, (2) used unreasonable and excessive force against him by pepper spraying him, and (3) did not provide him an adequate opportunity to wash himself after being sprayed. This case was referred to United States Magistrate Judge Leonard T. Strand pursuant to 28 U.S.C. § 636(b)(1)(B). Defendants moved for summary judgment on all claims against them. Defendants contend that the record does not support Welsh's

_____

[1]Counsel was subsequently appointed to represent Welsh.

excessive force claim.  Defendants further argue that Welsh failed to exhaust all available administrative remedies as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA").  Finally, defendants argue the individual defendants are entitled to qualified immunity and that the Iowa Department of Corrections is not a proper party.  Welsh filed a timely resistance to defendants' Motion for Summary Judgment.

Judge Strand issued a Report and Recommendation in which he recommended granting defendants' Motion for Summary Judgment.  Judge Strand found that Andrews's use of pepper spray was a legitimate and necessary use of force to dispel any potential violent acts from Welsh.  Judge Strand based this conclusion on the fact that Welsh instigated the event by acting aggressively, advancing towards Andrews, taking off his shirt and placing it around his head, and threatening violence and disregarding direct orders to return to his cell.  Judge Strand found that Andrews deployed pepper spray to stop Welsh's aggressive behavior, to maintain and restore order to the prison, and to protect the safety of himself, fellow officers, and inmates.  Alternatively, Judge Strand found, as a matter of law, that Welsh failed to properly exhaust all available remedies and all his claims are barred as a result.  Judge Strand further concluded, alternatively, that Andrews was entitled to qualified immunity on Welsh's Eighth Amendment excessive force claim because "Welsh was not deprived of his constitutional rights, nor was there a clearly established right such that an official would understand his conduct was unlawful in the situation."  Report and Recommendation at 16.  Finally, Judge Strand found that the Iowa Department of Corrections, as an agency of the State of Iowa, is entitled to Eleventh Amendment immunity from Welsh's § 1983 claims.  No objections to Judge Strand's Report and Recommendation have been filed.

## II. LEGAL ANALYSIS

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); see FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any

more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed and it appears to me, upon review of Judge Strand's findings and conclusions, that there is no ground to reject or modify them with one exception, his alternative holding concerning qualified immunity. Because there was no Eighth Amendment violation of Welsh's rights, it is unnecessary for me to reach the issue of qualified immunity. Therefore, with that one exception, I accept Judge Strand's Report and Recommendation on defendants' Motion for Summary Judgment.

### III.   CONCLUSION

For the reasons discussed above, I accept all of Judge Strand's Report and Recommendation except his alternative holding concerning qualified immunity. Defendants' Motion for Summary Judgment is granted. Judgment shall enter accordingly.

**IT IS SO ORDERED**.

**DATED** this 3rd day of November, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA